ALLAN KRICHMAN, TRADING AS LONG ISLAND LAND-SCAPING AND CONTRACTING CO., PLAINTIFF-RE-SPONDENT, v. VAN VELSOR CO., LIMITED, DEFEND-ANT-APPELLANT.

Submitted October 7, 1941—Decided January 20, 1942.

Before Justices PARKER, DONGES and COLIE.

For the defendant-appellant, *Zucker & Goldberg.*

For the plaintiff-respondent, *Michael Breitkopf.*

The opinion of the court was delivered by

DONGES, J. These appeals bring up two judgments of the East Orange District Court in suits upon two contracts for

grading, landscaping, &c., on premises owned by the defendant. The defendant, Van Velsor Co., Limited, is designated in the pleadings as a limited partnership but it is conceded that it is a limited partnership association organized and existing pursuant to the provisions of *R. S.* 42:3-1, *et seq.*

The suits were upon separate contracts, the one a written contract for the original plan of landscaping in the sum of $1,000 and the second a supplemental oral contract for certain additional work. As to the judgment for $277 based upon the supplemental contract, we conclude that there were questions of fact as to whether or not the contract had been entered into and whether or not the work was performed in a proper manner. There was evidence to support the conclusion of the trial court and this judgment is affirmed.

As to the suit upon the original contract, this contract appears in the form of a proposal on the letterhead of the plaintiff and is signed on behalf of the defendant in the following manner: "Van Velsor Co. Ltd. Accepted, Harry Kuskin." As stated it was in the sum of $1,000. *R. S.* 42:3-5 provides: "No debt shall be contracted, or liability incurred for a limited partnership association, except by one or more of its managers, and no liability for an amount exceeding five hundred dollars, except against the person incurring it, shall bind the association, unless reduced to writing and signed by at least two managers." Harry Kuskin was one of the managers of the defendant, but neither of the other two managers signed the contract. In that situation the debt growing out of the contract is clearly within the bar of the statute and is not enforceable against the association.

Plaintiff contends, however, that by virtue of a release given by the plaintiff when the work was partly completed and partly paid for by which plaintiff agreed to complete the work and defendant agreed to pay a balance of $365 when the work was completed, there was an original contract or novation and that he is entitled to recover on this contract because it is for a sum less than $500. However, this was not the contract upon which the suit was brought. The state of demand alleged the original contract and a copy thereof was attached. The amount demanded was arrived at by asserting a debt of

$1,000, plus $40 for some top soil which was extra, and deducting the payments made on account. The state of case as settled by the trial court indicates that the case was tried on the theory of an obligation arising out of the contract in the sum of $1,000. We do not think the plaintiff can shift his position at this time.

The other points argued require no discussion. The judgment in the sum of $215 is reversed. No costs to either party in this court.